UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: HAYDEL MARINE TOWING LLC

CIVIL ACTION

NO: 11-1174

SECTION: J(2)

### ORDER

Before the Court is a Motion for Judgment on the Pleadings **(Rec. Doc. 133)** filed by Limitation Petitioners Cajun Maritime, LLC, Haydel Marine Towing LLC, Lafayette Workboat Rentals, LLC, Marquette Transportation Company Gulf-Inland, LLC, N.R. Broussard Landing, Inc., and Stevens Towing Co., Inc. (collectively, "Limitation Petitioners").  Claimants Daniel P. and Joan S. Coulon, D & J Coulon, Inc., HFC, Inc., J & D Coulon, Inc., and Port Sulphur Fisheries, Inc. (collectively, "Claimants") oppose the motion **(Rec. Doc. 135)**.  Having considered the motion and accompanying memoranda, the parties' arguments, the record, and the applicable law, the Court finds that Limitation Petitioners' motion should be **DENIED**.

**A. "Group Liability"**

Limitation Petitioners' motion principally argues that dismissal is proper because each of the claims asserted herein is premised on a theory of "group liability" that is cognizable under neither general maritime nor Louisiana law.  They assert

that "Claimants lump together six vessels operated by six independent vessel companies . . . over the course of several months and almost 900 acres of oyster beds . . . without specifying where these actions took place or whether the actions of any particular vessel were a substantial factor in causing the injuries suffered by any particular oyster bed."[1]  In support of this argument, Limitation Petitioners rely heavily on the Fifth Circuit's opinion in In re Great Lakes Dredge & Dock Co., LLC, 624 F.3d 201 (5th Cir. 2010), as well as this Court's opinion in Barasich v. Columbia Gulf Transmission Co., 467 F. Supp. 2d 676 (E.D. La. 2006).

The Court has considered the aforementioned authority but finds both cases distinguishable from the facts alleged in the instant case.  In both Great Lakes Dredge & Dock and Barasich, a group of residents, businesses, and property owners located throughout South Louisiana filed suit against numerous private companies whose business operations were alleged to have contributed significantly to the destructive impacts of Hurricanes Katrina and Rita by damaging Louisiana's coastal marshlands.  Great Lakes Dredge & Dock, 624 F.3d at 205-06; Barasich, 467 F. Supp. 2d at 678-80.  In each of these cases, the courts found that dismissal was warranted because the nature of the plaintiffs' claims would necessarily require reliance on a

---

[1] Limitation Petitioners' Memorandum in Support, Rec. Doc. 133-2, pp. 6-7.

theory of "group liability," which had never been recognized under either Louisiana law or general maritime law. See La. Crawfish Producers Ass'n - West v. Amerada Hess Corp., No. 10-0348, 2011 WL 938766, at *7 (W.D. La. Feb. 25, 2011) ("Critical to the decision to dismiss in Great Lakes Dredge & Dock was the district court's finding that it would be 'virtually impossible' for the pleadings to be amended to show that the act of one dredger would be the cause of damage."), adopted by 2011 WL 947137 (W.D. La. Mar. 16, 2011).

Here, the Court finds that the claims asserted herein would not require reliance on such a theory, and therefore both Great Lakes Dredge & Dock and Barasich are distinguishable. Claimants may face considerable difficulties in establishing causation between any individual Limitation Petitioner's activities and the harms they have alleged, perhaps, but they have nonetheless pled facts sufficient to state a claim to relief that is plausible on its face as to each of the Limitation Petitioners, as required by Rule 12 of the Federal Rules of Civil Procedure. To the extent Limitation Petitioners' motion contends otherwise, the motion is denied.

**B. Immunity**

In the alternative, Limitation Petitioners contend that dismissal is proper because they are entitled to derivative governmental immunity. Specifically, because all of the vessel

operations at issue in this proceeding were performed pursuant to the authority and direction of the United States Coast Guard and the Federal On-Scene Coordinator in response to the April 20, 2010 Macondo Well blowout and resultant oil spill, Limitation Petitioners contend that they are derivatively immune from liability for any negligence claim arising from these activities. Furthermore, even if they are not entitled to derivative governmental immunity, Limitation Petitioners argue that they are also immune from liability in their own right under the "private responder" provisions of the Clean Water Act, 33 U.S.C. § 1251, et seq.[2]

The Court has considered these arguments but finds that such are not ripe for consideration at this early stage of the proceedings.  Questions regarding the existence and scope of any immunity to which Limitation Petitioners may be entitled depend on factual determinations that cannot be resolved on the face of Claimants' pleadings.  Although Limitation Petitioners may ultimately be correct that they are immune from liability for any of the harms Claimants have alleged, the Court deems it most prudent to defer consideration of these issues until the parties have developed a factual record and presented their arguments

---

[2] The Clean Water Act provides that a non-responsible party who provides assistance during a discharge is not liable for any damages resulting from his actions, provided they were "consistent with the National Contingency Plan or as otherwise directed by the President" and were not grossly negligent or the product of willful misconduct.  33 U.S.C. § 1321(c)(4).

more fully at the summary judgment stage.

Accordingly, for the reasons expressed above, **IT IS ORDERED** that Limitation Petitioners' Motion for Judgment on the Pleadings **(Rec. Doc. 133)** is hereby **DENIED**.

New Orleans, Louisiana, this 16th day of August, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE